IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MASAKAZU USHIJIMA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. _____ |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD and | § | Jury Demanded |
| SAMSUNG ELECTRONICS AMERICA, INC.; | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Masakazu Ushijima brings this action against Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (herein, collectively, "Defendants") and for his cause of action alleges:

### THE PARTIES

1. Plaintiff is an individual Japanese citizen residing in Tokyo, Japan.

2. Upon information and belief, Samsung Electronics Co., Ltd. is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business at Samsung Main Building, 250, Taepyeongno 2-ga, Jung-gu, Seoul 100-742, Republic of Korea.

3. Upon information and belief, Samsung Electronics America, Inc. is a subsidiary of Defendant Samsung Electronics Co., Ltd., and is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 105 Challenger Road,

Ridgefield Park, New Jersey 07660-2106.  Samsung may be served with process by serving its registered agent, CT Corporation System, 350 N. Saint Paul St., Dallas, Texas 75201-4201.

## THE PATENT

4. On February 27, 1996, United States Patent No. 5,495,405, entitled "Inverter Circuit for Use with Discharge Tube" was duly and legally issued ("the '405 patent").  A true and correct copy of the '405 patent is attached as Exhibit A.

5. Pursuant to 35 U.S.C. § 282, the '405 patent is presumed valid.

6. Plaintiff is the owner by assignment of the entire right, title, and interest in the '405 Patent.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 United States Code, particularly §§ 271 and 281.  This Court has jurisdiction over the claim for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

8. Personal jurisdiction exists generally over each of the Defendants because each Defendant has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Western District of Texas.  Personal jurisdiction also exists specifically over each of the Defendants because each Defendant, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, or sells products or services within the State of Texas and within the Western District of Texas, that infringe the patent-in-suit.

9. Venue is proper in this Court under Title 28 United States Code §§ 1391(b) and (c) and 1400(b).

## PATENT INFRINGEMENT COUNT

10. The Defendants, on information and belief, make, use, sell, or offer to sell products that infringe at least claim 4 of the '405 patent, including for example and without limitation the Samsung E1920 Monitor, as well as any other devices that feature an inverter circuit for the discharge tube employing a resonance circuit with close and loose coupled secondary winding sections, as more fully described and claimed in the '405 patent.

11. By so making, using, selling, and offering to sell the aforementioned products, the Defendants have been and continue to infringe, either literally or by equivalents, Plaintiff's rights in the '405 patent.

12. The infringement of the '405 patent alleged above has injured Plaintiff and thus, he is entitled to recover damages adequate to compensate for Defendants' infringement, which in no event can be less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Masakazu Ushijima prays for entry of judgment:

A. That Defendants have infringed one or more claims of the '405 patent.

B. That Defendants account for and pay to Plaintiff all damages caused by the infringement of the '405 patent, which by statute can be no less than a reasonable royalty;

C. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to him by reason of Defendants' infringement of the '405 patent;

D. That Plaintiff be granted his attorneys' fees in this action;

E. That costs be awarded to Plaintiff;

F. That Plaintiff be granted such other and further relief that is just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all claims and issues so triable.

DATED:  April 10, 2012

                                  Respectfully submitted,

                                    /s/ Matthew J.M. Prebeg
Matthew J.M. Prebeg (Texas Bar No. 00791465)
Stephen W. Abbott (Texas Bar No. 00795933)
Christopher M. Faucett (Texas Bar No. 00795198)
Brent T. Caldwell (Texas Bar No. 24056971)
   (pending admission *pro hac vice*)
**CLEARMAN | PREBEG LLP**
815 Walker Street, Suite 1040
Houston, Texas  77002
Telephone:   (713) 223-7070
Facsimile:   (713) 223-7071
Email:   mprebeg@clearmanprebeg.com
             sabbott@clearmanprebeg.com
             cfaucett@clearmanprebeg.com
             bcaldwell@clearmanprebeg.com

***Attorneys for Plaintiff, Masakazu Ushijima***