UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MASAKAZU USHIJIMA,<br><br>    Plaintiff/Counter Defendant,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants/Counter Plaintiffs. | Civil Action No. 1:12-cv-00318-LY<br><br>**JURY TRIAL DEMANDED** |

**MOTION TO STRIKE, IN PART, PLAINTIFF'S (1) SECOND AMENDED COMPLAINT AND (2) AMENDED DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants") hereby move the Court to strike, in part, Plaintiff Masakazu Ushijima's ("Plaintiff") Second Amended Complaint and Plaintiff's Amended Disclosure of Asserted Claims and Infringement Contentions. In particular, Samsung requests that the Court strike from both pleadings the new allegations of patent infringement arising from products other than the previously identified Samsung E1920 series and similar monitors having EE type transformer cores in their backlight inverter circuits. The issues raised in this motion are closely tied to the issues raised in Samsung's pending Motion for a Protective Order Limiting Post-*Markman* Discovery to Accused Products, Dkt. No. 85, and Reply in support thereof, Dkt. No. 88, which are incorporated by reference herein.

Counsel for the parties conferred in good faith to resolve the dispute underlying this motion without court action, and Plaintiff opposes the relief sought.

Plaintiff's Second Amended Complaint purports to accuse a general description of products different from the Samsung E1920 series and similar monitors previously identified, the EE type cores of which have been the focus of this case through the *Markman* stage and to this point. *See* Pl.'s 2d Am. Compl. ¶ 10, Dkt. No. 89. As explained in Samsung's Motion for a Protective Order and Reply in support thereof, these new allegations, which are intended to encompass core shapes other than the disclaimed EE and EI types, raise new claims construction issues in violation of the Court's order that "[n]o amended pleadings may be filed that would disrupt the *Markman* order." Joint Post-Markman Sched. Order 1, Dkt No. 82. More specifically, although neither the amended complaint nor the amended contentions specifically identify any additional Samsung products, Plaintiff now apparently seeks to introduce into the case new products, such as television products which include materially different core shapes such as UU type transformer cores. *See, e.g.*, Defs.' Mot. Prot. Order 4-5. Those UU cores, at a minimum, would require a second *Markman* hearing to determine whether they were disclaimed and to determine the proper scope of the claim term "substantially in a center" in the context of an empty-centered geometry. *Id.*

Similarly, in his Amended Disclosure of Asserted Claims and Infringement Contentions, served April 29, 2014, Plaintiff purports to accuse for the first time a broad range of products, other than the E1920 series and similar monitors having EE cores. *See* Ex. A,[1] Pl.'s Am. Infr. Contentions, at 2-3. These allegations would require new *Markman* proceedings to give Defendants the opportunity to address new issues raised by the different transformer core shapes used in such products. *See, e.g.*, Defs.' Mot. Prot. Order 4-6. Moreover, because the new

---

[1] Exhibit A is attached to the Declaration of Joshua D. Sibble in Support of Defendants' Motion to Strike, in Part, Plaintiff's (1) Second Amended Complaint and (2) Amended Disclosure of Asserted Claims and Infringement Contentions.

contentions fail to identify specific products, additional claim construction issues may arise in light of later-identified products if the contentions are not stricken.

Plaintiff has provided no justification for his failure to timely disclose additional accused products and corresponding infringement theories. *See Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 668 (E.D. Tex. 2007) (denying leave to amend infringement contentions to "avoid unfairly prejudicing [defendant] 'through eleventh-hour alterations'"); *see also In re Papst Licensing GmbH & Co. KG Litig.*, 767 F. Supp. 2d 1, 7-9 (D.D.C. 2011) (striking patentee's post-*Markman* amendments to infringement contentions adding new products, noting post-*Markman* schedule providing for amending contentions "did not give [patentee] carte blanche to start this litigation anew, with new claims against new categories of devices").

Plaintiff at this point has no reasonable or Rule 11 basis to maintain an infringement charge in light of the Court's claims construction order. His Amended Disclosure of Asserted Claims and Infringement Contentions constitutes little more than a fishing expedition for new products to accuse. *See* Defs.' Mot. Prot. Order 3. Plaintiff continues to rely solely on the same claim charts provided with his original contentions showing his infringement theory for EE type transformer cores, which the Court expressly excluded from the scope of the asserted claims. *See* Ex. A, Pl.'s Am. Infr. Contentions, at 4; *Markman* Order 17, Dkt. No. 73. Plaintiff's amended contentions fail to disclose any infringement theory for any other transformer core types that could reasonably support a claim of patent infringement in view of the Court's claims construction order; they merely describe hypothetical allegedly infringing products Plaintiff hopes to find. *See Eon Corp. IP Holdings, Inc. v. Sensus USA Inc.*, No. 6:09-cv-116, 2010 WL 346218, at *3 (E.D. Tex. Jan. 21, 2010) ("[Plaintiff]'s infringement contentions are deficient because they fail to identify each accused instrumentality in its [claim] chart.").

Therefore, Defendants respectfully request that the Court strike from Plaintiff's Second Amended Complaint and from Plaintiff's Amended Disclosure of Asserted Claims and Infringement Contentions allegations of patent infringement arising from Samsung products other than the previously identified E1920 series of monitors and others utilizing EE type transformer cores in their backlight inverter circuits.[2]

Date:  May 5, 2014

Respectfully submitted,

/s/ Michael J. Barta
Joseph R. Knight
State Bar No. 11601275
joe.knight@bakerbotts.com
Kevin J. Meek
State Bar No. 13899600
kevin.meek@bakerbotts.com

BAKER BOTTS L.L.P.
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone:  (512) 322-2500
Facsimile:  (512) 322-2501

Michael J. Barta
(Admitted *pro hac vice*)
District of Columbia Bar No. 431663
michael.barta@bakerbotts.com

BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Ave., NW
Washington, D.C. 20004-2400
Telephone:  (202) 639-7700
Facsimile:  (202) 639-7890

Neil P. Sirota
(Admitted *pro hac vice*)

---

[2] Defendants do not object to other changes in Plaintiff's Second Amended Complaint, such as Plaintiff's new allegation of willful infringement.

4

New York Bar No. 2562155
neil.sirota@bakerbotts.com
Robert L. Maier
(Admitted *pro hac vice*)
New York Bar No. 4123246
robert.maier @bakerbotts.com
Joshua D. Sibble
(Admitted *pro hac vice*)
New York Bar No. 4883716
joshua.sibble@bakerbotts.com

BAKER BOTTS L.L.P.
30 Rockefeller Plaza, 44th Floor
New York, New York 10112-4498
Telephone:  (212) 408-2500
Facsimile:  (212) 408-2501

*Attorneys for Defendants*
Samsung Electronics Co., Ltd. and
Samsung Electronics America, Inc.

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on May 5, 2014, counsel for Defendants, Robert L. Maier, conferred with counsel for Plaintiff, Matthew Prebeg, in good faith in an effort to resolve the dispute underlying this motion without court action, and Plaintiff is opposed to the relief sought.

/s/ Robert L. Maier
Robert L. Maier

## CERTIFICATE OF SERVICE

The undersigned hereby swears that on May 5, 2014, he caused the following documents:

1) **MOTION TO STRIKE NEW ACCUSED PRODUCTS FROM SECOND AMENDED COMPLAINT AND AMENDED DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**;

2) **DECLARATION OF JOSHUA D. SIBBLE IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE, IN PART, PLAINTIFF'S (1) SECOND AMENDED COMPLAINT AND (2) AMENDED DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**; and

3) **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO STRIKE, IN PART, PLAINTIFF'S (1) SECOND AMENDED COMPLAINT AND (2) AMENDED DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**, to be served on opposing counsel as follows:

    Matthew J.M. Prebeg (mprebeg@pfalawfirm.com)
    Stephen W. Abbott (sabbott@pfalawfirm.com)
    Christopher M. Faucett (cfaucett@pfalawfirm.com)
    Brent T. Caldwell (bcaldwell@pfalawfirm.com)
    Zhe Wang (pwang@pfalawfirm.com)

**PREBEG FAUCETT & ABBOTT, PLLC**
8441 Gulf Freeway, Suite 307
Houston, TX 77017

                          /s/ Robert L. Maier
                          Robert L. Maier