IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MASAKAZU USHIJIMA, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CAUSE NO. A-12-CV-318-LY |
| § | |
| SAMSUNG ELECTRONICS CO., LTD. § | |
| AND SAMSUNG ELECTRONICS § | |
| AMERICA, INC., § | |
| DEFENDANTS. § | |

## ORDER

Before the court in the above-styled and numbered cause are Defendants' Motion for a Protective Order Limiting Post-Markman Discovery to Accused Products filed April 14, 2014 (Clerk's Doc. No 85); Plaintiff's Response to Defendants' Motion for a Protective Order Limiting Post-Markman Discovery to Accused Products file April 21, 2014 (Clerk's Doc. No. 87); Defendants' Reply in Support of Its Motion for a Protective Order Limiting Post-Markman Discovery to Accused Products filed April 25, 2014 (Clerk's Doc. No. 88); Defendants' Motion to Strike, In Part, Plaintiff's (1) Second Amended Complaint and (2) Amended Disclosure of Asserted Claims and Infringement Contentions filed May 5, 2014 (Clerk's Doc. No. 92); Plaintiff's Response to Defendants' Motion to Strike, In Part, Plaintiff's (1) Second Amended Complaint and (2) Amended Disclosure of Asserted Claims and Infringement Contentions filed May 12, 2014 (Clerk's Doc. No. 93); and Defendants' Reply in Support of Its Motion to Strike, In Part, Plaintiff's (1) Second Amended Complaint and (2) Amended Disclosure of Asserted Claims and Infringement Contentions filed May 14, 2014 (Clerk's Doc. No. 94).

Defendants seek a protective order from this court "denying Plaintiff's requested discovery directed to devices not previously accused in Plaintiff's Complaint or infringement contentions,

including televisions and other non-monitor devices having cores other than EE type (and including at least Plaintiff's Post-*Markman* Interrogatories Nos. 2-4 and Plaintiff's Post-*Markman* Requests for Documents and Things Nos. 1 and 3." After a thorough review of the motion, response, reply, and entire case file, the court will deny Defendants' motion for a protective order. Plaintiff's original and first amended complaint accused of infringement, in addition to the Samsung E1920 monitor, "any other devices that feature an inverter circuit for the discharge tube employing a resonance circuit with close and loose coupled secondary winding sections." In addition, Plaintiff's original infringement contentions did not contain reference to EE or EI type cores, nor has there been a specific indication by Plaintiff that he is limiting his infringement case to such cores. Instead, Plaintiff identified the E1920 Monitor family and accused products that include "the same or similar inverter circuit connected to the discharge tube employing a resonance circuit with close and loose coupled secondary winding sections."

Contrary to Defendants' arguments, the court does not believe that Defendants will be unduly prejudiced by Plaintiff's discovery requests. Nor does the court believe that an additional claims-construction hearing will be necessitated by allowing such discovery. The court was clear in the post-*Markman* scheduling conference, and both parties indicated that they understood, that no additional claims construction would occur in this case. The underlying technology alleged of infringement, and at least one of the specifically identified claims asserted, has not changed since the inception of this case. Plaintiff shall be permitted to develop his infringement case, as originally pleaded and amended, in light of this court's claim-construction order.

Defendants also seek to strike "from Plaintiff's Second Amended Complaint and from Plaintiff's Amended Disclosure of Asserted Claims and Infringement Contentions allegations of

patent infringement arising from Samsung products other than the previously identified E1920 series of monitors and others utilizing EE type transformer cores in their backlight inverter circuits." For substantially the reasons stated above, and after a full review of both parties' motion, response, and reply, and the entire case file, the court will deny Defendants' motion. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for a Protective Order Limiting Post-Markman Discovery to Accused Products (Clerk's Doc. No 85) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike, In Part, Plaintiff's (1) Second Amended Complaint and (2) Amended Disclosure of Asserted Claims and Infringement Contentions (Clerk's Doc. No. 92) is **DENIED**.

SIGNED this 29th day of May, 2014.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE